FRANK BRUYNEEL, Appellant, v. SCOTT WIES ET AL., Appellees.

Extradition: HABEAS CORPUS. One held under executive warrant to answer the criminal charge of deserting his wife and children, made against him in another state, can not obtain a discharge on *habeas corpus* by showing that since the desertion he obtained a divorce from his wife in this state and has since remarried; as it will be presumed that the courts of the foreign state will give faith and credit to the decree of our court and properly determine whether the divorce and remarriage bar the prosecution.

*Appeal from Polk District Court.*—HON. LAWRENCE DE GRAFF, Judge.

TUESDAY, JANUARY 9, 1912.

THIS is an appeal from an order of the trial court dismissing a petition for a writ of *habeas corpus.*—*Affirmed.*

*Walter McHenry,* for appellant.

*W. H. Wallingford,* for appellee.

EVANS, J.—In the absence of direct statement in the printed matter before us, we draw the inference that the defendant is a public officer of some kind who has the custody of the plaintiff as a prisoner. The plaintiff formerly lived in Indiana and left there January 11, 1909. After his departure, criminal proceeding was instituted against him in Indiana charging him with the unlawful desertion of his wife and six children, and charging such desertion to have occurred on January 11, 1909. A requisition from the Governor of Indiana was honored by the Governor of Iowa, and the plaintiff is now held under executive warrant and is about to be returned thereunder to Indiana as a fugitive from justice. It is conceded that all the proceedings relating to the requisition and extradition are regular in form. Upon the hearing in the district court, it was made to appear that on November 22, 1910, in the district court of Polk county, Iowa, the plaintiff obtained a divorce from his Indiana wife, and that he has since remarried in such county. It is also conceded that all the proceedings in relation to such divorce suit were regular in form; notice being given by publication. The argument made in behalf of plaintiff here is that it is obligatory upon the state of Indiana to give "full faith and credit" to the judgment of the district court of Polk county, Iowa. The

pertinency of such argument is based upon the assumption that the courts of Indiana will ignore the decree of divorce entered by the district court of this state. We can not indulge in any such assumption. The Constitution of the United States requires that full faith and credit shall be given in each state to the judicial proceedings of every other state. We will readily assume that this constitutional provision will not be overlooked by the courts of sister states.

It is urged that the decree of divorce and the subsequent marriage of the plaintiff to another wife is a bar to his further prosecution for the desertion of his Indiana wife. That is a question to be determined by the court wherein the prosecution is pending. The offense with which the plaintiff is charged antedated his decree of divorce. Assuming the subsequent decree of divorce to be valid everywhere, it yet remains for the Indiana court to determine what, if any, effect it can have upon the criminal proceeding pending therein.

The order of the trial court is *affirmed*.